ROBERT C. ZIMMERMAN, Secretary of State
You have asked whether local municipal clerks should proceed to register citizens 18, 19 and 20 years old in light of the requirements of the Federal Voting Rights Act Amendments of 1970, as interpreted by the recent United States Supreme Court decision, Oregon v. Mitchell (1970),400 U.S. 112, 91 S.Ct. 260, 27 L.ed. 2d 272, and companion cases, even though the Wisconsin Legislature has not as yet altered any of the state statutes dealing with voter registration *Page 112 
so as to bring our state law into harmony with the provisions of the federal law.
Title III (18-year-old vote) of the Federal Voting Rights Act Amendments of 1970, Pub.L. 91-285, 84 Stat. 314, provides, in part, as follows:
"PROHIBITION
"Sec. 302. Except as required by the Constitution, no citizen of the United States who is otherwise qualified to vote in any State or political subdivision in any primary or in any election shall be denied the right to vote in any such primary or election on account of age if such citizen is eighteen years of age or older." (emphasis added)
In considering this language of the federal law and in treating the constitutional challenge to its validity, the court held in Oregon v.Mitchell, supra, ". . . that the 18-year-old vote provisions of the Voting Rights Act Amendments of 1970 are constitutional and enforceable insofar as they pertain to Federal elections and unconstitutional and unenforceable insofar as they pertain to state and local elections."91 S.Ct. 260, 261.
Title III of the 1970 Act makes no direct reference to the registration of newly enfranchised 18-year-old electors and no uniform federal standards are established in this regard. However, the law does provide that in order to exercise his federal franchise, the prospective voter must be "otherwise qualified to vote" in his state or political subdivision. It is my opinion, therefore, based on the foregoing language, that Congress intended that the 18-year-old franchise be implemented by and subject to existing state and local voter registration machinery and laws.
I consider the views of Mr. Justice BLACK, who announced the judgments of the Court, most instructive in this regard, particularly since his ultimate conclusions appear to have been adopted as the judgment of the court on the question of the 18-year-old vote. Mr. Justice BLACK, at page 263, first indicates, as a basic proposition, that Congress possesses the power ". . . to make or alter election regulations in national elections, including the qualifications of *Page 113 
voters. . . ." He next quotes at length from the opinion of an unanimous court in Smiley v. Holm (1932), 285 U.S. 355, 52 S.Ct. 397, 76 L.ed. 795, holding that Art. I, sec. 4, U.S. Const., authorizes Congress tosupplement election regulations that the legislatures of the states are authorized to prescribe with respect to congressional elections, or tosubstitute its own. He, therefore, concludes, at page 264:
"In short, the Constitution allotted to the States the power to make laws regarding national elections, but provided that if Congress became dissatisfied with the state laws, Congress could alter them . . ."
Mr. Justice BLACK again emphasizes the point at page 265 of the opinion, where he states:
". . . Moreover, Art. I, § 2, is a clear indication that the Framers intended the States to determine the qualifications of their own voters for state offices, because those qualifications were adopted for federal offices unless Congress directs otherwise under Art. I, § 4. . . ."
While registration at this time may lead to some confusion on the part of both the newly franchised voter and local clerks, this cannot justify denying such a voter his right to register and vote. Even though legislative guidelines are inexact at present, it is my opinion that local clerks will neither be violating their oaths of office nor any state law by registering citizens of Wisconsin who are entitled to exercise their newly acquired federal franchise. In fact, it is undoubtedly the responsibility of all local clerks to implement the new federal franchise by utilizing the present registration statutes insofar as possible.
Local clerks should be reminded, however, that they must maintain a dual system of registrations; i.e., the registrations of under-21 voters must be segregated from registrations of voters 21 or over, since voters under age 21 may not presently vote in State or local elections under Wisconsin law. I also wish to point out that registration is not required in all municipalities. See sec. 6.27, Stats. Until the legislature acts, persons 18 to 20, claiming a right to vote in federal elections in municipalities where registration is not *Page 114 
required will have to assert such right at the polls or when they request an absentee ballot.
The foregoing points to the obvious and immediate need for implementive legislation to clarify the duties of the local clerks. In this connection I feel it would be most appropriate for you to urge early consideration of this matter by the legislature. I would not hesitate joining you in this regard if you would so desire.
In the interim, however, it appears that local municipal clerks have the duty to proceed with registration of newly enfranchised 18- to 21-year-old voters in accord with the federal mandate and in accord with Wisconsin registration statutes insofar as applicable in order that these voters are not denied their right to vote in federal elections on account of age.
RWW:JCM